# EXHIBIT 1

Alabama. Code Commission

# REPORT OF
# WILLIAM L. MARTIN,
# CODE COMMISSIONER OF ALABAMA.
## 1896.

Digitized by Google    Original from HARVARD UNIVERSITY

OCT 29 1919

*Honorable William C. Oates,*
   *Governor of Alabama.*

DEAR SIR:—As Commissioner appointed by your Excellency under the Act of February 18, 1895, page 1001, "to revise, digest and codify all of the statutes of this State of a general and public nature, both civil and criminal," I have the honor to herewith submit, in two volumes, a type written manuscript of such revision, together with a table of contents to each volume.

Volume one contains one hundred and eighteen chapters consecutively numbered from one to one hundred and eighteen inclusive, and four thousand two hundred and ninety-eight consecutively numbered sections; while volume two contains eighty chapters consecutively numbered from one hundred and nineteen to one hundred and ninety-eight inclusive, and one thousand three hundred and fifteen sections consecutively numbered from four thousand two hundred and ninety-nine to five thousand six hundred and thirteen inclusive.

The references to sections in this report are to the new numbers, followed by the numbers, in parentheses, which the sections bear in the Code of 1886 if found in that Code, or, if taken from an act of the legislature, the date of the act and the page where found will be referred to. References to certain lines and pages are to the Code of 1886, or to the acts, as the case may be.

The act above referred to provides, among other things, that the Commissioner "shall revise and reduce into a written and systematic Code the whole

4

body of the public statutes of this state, both civil and criminal;" that the Code shall be divided into two volumes, one containing the civil and the other the criminal statutes; that the Commissioner "shall prepare appropriate chapters, titles and subdivisions of titles for each chapter, clearly and briefly expressive of the subjects treated, *which shall be arranged alphabetically*, bringing into each chapter, as near as may be, a condensation of all public laws appertaining to the subject treated in **each chapter; that said** Commissioner shall not simply transfer or transcribe the laws, but shall (without changing the sense) so alter the phraseology as to exclude all redundancy, or obscurity of expression; and where there shall be several acts relating to the same subject they shall be condensed into one and so expressed as clearly to set forth the sense of the whole, having regard to judicial exposition thereof; that whenever it shall be apparent that there may be legislative omissions in any statute, said Commissioner shall supply the same, so as to perfect such statute and render its operation complete;" and that the Commissioner "shall prepare and submit to the Governor, when he submits the Code as is hereinbefore provided, **such bills as he may** deem necessary or proper for perfecting, harmonizing or improving the system of laws of Alabama which he can not embrace in the Code as hereinbefore provided," such bills to be by the Governor reported to the general assembly.

The act provides that the Commissioner shall file with the Code "a sworn statement showing all the changes he shall have made in the phraseology of all the acts and laws codified by him, including additions thereto and omissions therefrom, with accurate references to the acts and laws so altered or changed."

If the intention of this provision be that the Commissioner shall set forth *in extenso* every deviation from the letter of statutes codified, then compliance is impossible without, in many instances, setting out both the original statute as found in the acts, and the codification thereof. I shall not undertake to set forth every such change of phraseology. To do so in such manner as to make every mere change of verbiage intelligible without reference to the original statute or the manuscript, would spin this report to such length and burden it with such unprofitable detail, that its practical value as a guide in considering the real changes proposed would be greatly lessened.

Omitting, therefore, many mere changes of phraseology which in no way alter the sense, the changes suggested are as follows:

---

## VOLUME I. CIVIL CODE.

### CHAPTER 1.—GENERAL PROVISIONS APPLICABLE TO THE WHOLE CODE.

Section 10 (10), as amended by the act of February 28, 1889, page 104, is re-written so as to include within the statutes not repealed by the Code, "those relating to the public debt, and those relating to institutions of learning, and those relating to the jurisdiction and practice of courts in any division, circuit, county, or other territory less than the entire state." The exception of "those prescribing regulations for the harbor of Mobile, and concerning ships and seamen," is omitted, these statutes being incorporated in the Code as submitted. The act makes no provision for omitting them.

Case 2:23-cv-00451   Document 1-1   Filed 07/31/23   Page 7 of 7

Febauary 28, 1889, page 67—changed only in phraseology.

### Chapter 129.—Bail.

4349 (4409, 4411). Act of February 28, 1887, page 117, section 1. Consolidated, the only change of substance being to authorize the sheriff to take bail in term time, as well as in vacation, under an order of a judge fixing the amount of bail.

### Chapter 132.—Blackmail..

4406. Act of February 18, 1995, page 883. The words: "sentence to" are substituted for "confined at" (hard labor).

### Chapter 138.—Conspiracy.

4428. New section. Makes a conspiracy formed in this State to do an act in another State which, if done in this State, would be a criminal offense, indictable and punishable here in all respects as if the conspiracy had been to do the act in this State. (Suggested by Thompson v. State, 17 So. 512.)

### Chapter 139.—Convict System.

This chapter is based on the act of February 18, 1895, page 849 and the unrepealed sections of the Code of 1886 relating to the subject. Section 94 of the act—regulating sentences to hard labor and to the penitentiary—is omitted, the same having been declared void in Ex parte Gayles, 19 So. 12.

4437 (4573). Act of February 18, 1895, page 849, section 18. "The examiner of public accounts" sub-

Generated on 2023-07-13 20:15 GMT / https://hdl.handle.net/2027/hvd.h15119
Public Domain, Google-digitized / http://www.hathitrust.org/access_use#pd-google

Digitized by Google        Original from
HARVARD UNIVERSITY