# EXHIBIT 3

# THE

# CODE OF ALABAMA,

ADOPTED BY ACT OF THE GENERAL ASSEMBLY OF THE STATE OF
ALABAMA, APPROVED

## FEBRUARY 16, 1897,

ENTITLED "AN ACT TO ADOPT A CODE OF LAWS FOR THE STATE OF ALABAMA,"

WITH SUCH STATUTES PASSED AT THE SESSION OF 1896-97, AS ARE RE-
QUIRED TO BE INCORPORATED THEREIN BY ACT APPROVED
FEBRUARY 17, 1897; AND WITH CITATIONS TO THE
DECISIONS OF THE SUPREME COURT OF
THE STATE CONSTRUING OR MEN-
TIONING THE STATUTES.

IN TWO VOLUMES.

## VOL. II.

PREPARED BY

WILLIAM L. MARTIN,

COMMISSIONER.

ATLANTA, GEORGIA:
THE FOOTE & DAVIES COMPANY,
PRINTERS AND BINDERS.
1897.

# CHAPTER 138.*

### CONSPIRACY. 4428–4430.

**4428** (4007) (4152) (3591) (50). **Conspiracy to commit felony.**—Any two or more persons, conspiring together to commit a felony, must each, on conviction, be fined not more than one thousand dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months. (Form 30.)

See note to succeeding section.

**4429** (4008) (4153) (3592) (51). **Conspiracy to commit misdemeanor.**—Any two or more persons, conspiring together to commit a misdemeanor, must each, on conviction, be fined not more than five hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than three months. (Form 30.)

Conspiracy defined.—Murphy's case, 6 Ala. 765. Unlawful agreement is gist of offense, though nothing be done.—Cawood's case, 2 Stew. 360. To seduce a virtuous female.—Murphy's case, 6 Ala. 765. Agreement between a man and woman to commit adultery is not a conspiracy.—Miles's case, 58 Ala. 390. To commit misdemeanor is not merged into the offense, but indictment may be framed to convict of either.—Murphy's case, 6 Ala. 765. May be proved circumstantially without positive agreement or meeting of conspirators.—Johnson's case, 29 Ala. 62; Scott's case, 30 Ala. 503; Marler's case, 67 Ala. 66. Established by testimony of accomplice, if his statement connecting defendant with the offense is corroborated.—Marler's case, 67 Ala. 66. What said and done by one in presence of others, while committing the offense, admissible against all.—Smith's case, 52 Ala. 407. Motion in arrest of judgment allowable to one or more, in absence of others.—Covington's case, 4 Ala. 603. The conspiracy is a complete offense within itself, and no act in consummation thereof is necessary.—Thompson's case, 106 Ala. 67. A conspiracy in this state to commit a felony in another state is indictable.—Thompson's case, 106 Ala. 67. Indictment charging that defendants "conspired together to unlawfully take a thousand dollars in money, the property of J. H., from his person, and against his will, by violence to his person, or by putting him in fear, as to unwillingly part with it," is sufficient.—Ib. When declaration and conduct of one evidence against others.—McAnally's case, 74 Ala. 9; Williams's case, 81 Ala. 1; Amos's case, 83 Ala. 1; Johnson's case, 87 Ala. 39; Martin's case, 89 Ala. 115; Gibson's case, 89 Ala. 121; Tanner's case, 92 Ala. 1; Tally's case, 102 Ala. 25. Liability of each for acts of others.—Pierson's case, 99 Ala. 148; Ex parte Bonner, 100 Ala. 114; Ex parte Tally, 102 Ala. 25. Conspiracy must be established before responsibility ensues.—Turner's case, 97 Ala. 57; Bonner's case, 100 Ala. 114. Positive or direct proof not necessary to establish.—Martin's case, 89 Ala. 115; Gibson's case, 89 Ala. 121; Tanner's case, 92 Ala. 1; Jolly's case, 94 Ala. 19; Elmore's case, 110 Ala. 63.

**4430. Conspiracy formed in this state to commit crime elsewhere indictable here.**—A conspiracy formed in this state to do an act beyond the state which, if done in this state, would be a criminal offense, is indictable and punishable in this state in all respects as if such conspiracy had been to do such act in this state.

Thompson's case, 106 Ala. 67.


Digitized by Google   Original from HARVARD UNIVERSITY