# EXHIBIT 6

# THE
# CODE OF ALABAMA

Adopted by Act of the Legislature of Alabama
Approved
JULY 2, 1940

IN TEN VOLUMES

Edited, annotated, printed, and published by the Code
Commissioner, under the supervision of the Code
Committee of the Legislature of Alabama

Kept to Date by Cumulative Pocket Parts

## VOLUME FOUR

Title 14. Crimes and Offenses
Title 15. Criminal Procedure
Title 16. Descent and Distribution
Title 17. Elections
Title 18. Electrification

Charlottesville, Va.                                    Atlanta, Ga.
The Michie Company                              The Harrison Company
St. Paul, Minn.
West Publishing Co.
1941

## CHAPTER 29.

## CONSPIRACY.

| Sec. | | Sec. | |
|---|---|---|---|
| 99. | Conspiracy to commit certain felonies. | 102. | Conspiracy formed in this state to commit crime elsewhere indictable here. |
| 100. | Conspiracy to commit felonies not named in section. | 103. | Conspiracy defined and punished. |
| 101. | Misdemeanor; conspiracy to commit. | 104. | Overt act not necessary. |

§ 99. (3571) (6470) (4428) (4007) (4152) (3591) (50) **Conspiracy to commit certain felonies.**—Any two or more persons conspiring together to commit an assault on another with intent to murder, maim, rob, ravish, or to commit the crime against nature, or who attempt to poison any human being, or to commit murder by any means not amounting to an assault, shall each themselves be guilty of a felony, and shall, on conviction, be imprisoned in the penitentiary of the State of Alabama for not less than one year, and not more than ten years. (1933, Ex. Sess., p. 202.)

**Cross reference.**—For form of indictment, see Tit. 15, § 259, No. 41.

**Editor's note.**—Prior to the amendment of 1933 this section simply provided that the conspiracy to commit a felony should be punished by a fine of not more than $1,000 and imprisonment for not more than six months. The enumeration of certain felonies in this section made necessary the insertion of the next succeeding section, covering felonies not named herein.

**Agreement is the gist of the offense.**—A criminal conspiracy is a distinct, substantive offense, complete when the corrupt agreement is entered into. Such agreement is the very gist of the offense, and it is not necessary to a conviction for a conspiracy alone that any act should be done in pursuance of it. Smith v. State, 8 Ala. App. 187, 196, 62 So. 575, and cases cited. See § 104 of this title.

**But prearrangement to do the particular wrongful act is not necessary.**—To establish a conspiracy, it is not always necessary to show prearrangement to do the particular wrongful act committed. Jones v. State, 174 Ala. 53, 57 So. 31, 33. See also, Eaton v. State, 8 Ala. App. 136, 63 So. 41.

**It includes enticing away laborers.**—A conspiracy to entice away laborers is an offense denounced by this section. Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596.

**All conspirators are liable for the acts of one.**—When an act has been committed by one of the conspirators in furtherance of the common design, if the act amounts only to a misdemeanor, then all of the conspirators may be indicted and tried either for the conspiracy to commit the act or for the act itself; but, when the act done in such furtherance amounts to a felony, then the lesser offense of the conspiracy to do the act is merged into the higher crime of the act itself and the conspirators can only be indicted for and convicted of the latter. Smith v. State, 8 Ala. App. 187, 196, 62 So. 575. See also, State v. Murphy, 6 Ala. 765, 41 Am. Rep. 79. If the purpose is carried out each is guilty of the offense committed, whether he did any overt act or not. Jones v. State, 174 Ala. 53, 57 So. 31, 32. See also, Pearce v. State, 4 Ala. App. 32, 58 So. 996; Crawley v. State, 15 Ala. App. 327, 73 So. 222. And see § 104 of this title.

75

**And this includes acts done prior to ones entering the conspiracy.**—When one enters a conspiracy to do an unlawful act, he becomes a party to every act which has been previously done by his co-conspirators in furtherance of a common design. Eaton v. State, 8 Ala. App. 136, 63 So. 41.

**The offense may be proved inferentially or by circumstantial evidence.**—It is not necessary, in order that the fact of the conspiracy may be established, that it be proved by evidence of an express agreement or compact between the alleged conspirators, or by direct evidence of any agreement or compact; but it may be proved inferentially, or by circumstantial evidence. Smith v. State, 8 Ala. App. 187, 196, 62 So. 575.

**Also by acts and declarations of co-conspirators.**—When a prima facie conspiracy is established, any acts or declarations on the part of any of the co-conspirators in connection with and in furtherance of the common purpose may be shown in evidence. Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596, 598.

**Conversely, one conspirator may be used as witness for others.**—One of the conspirators can be used as a witness for the others without dismissing the case against him, as he can refuse to answer questions that would criminate him. Sheppard v. State, 172 Ala. 363, 55 So. 514.

**Community of purpose is a question for jury.**—The community of purpose of conspiracy between conspirators, its existence and extent are to be determined by the jury from the conduct of the parties and the evidence. Pearce v. State, 4 Ala. App. 32, 58 So. 996.

**Cited** in Hazelton v. State, 13 Ala. App. 243, 68 So. 715; Tanner v. State, 92 Ala. 1, 9 So. 613; Thompson v. State, 106 Ala. 67, 17 So. 512.

**§ 100. Conspiracy to commit felonies not named in section 99.**—Any two or more persons, conspiring together to commit a felony, not named in section 99 of this title, shall each, on conviction, be fined not more than one thousand dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months.

See notes to § 99 of this title. As to form of indictment, see Tit. 15, § 259, No. 41.

**§ 101. (3572) (6471) (4429) (4008) (4153) (3592) (51) Misdemeanor; conspiracy to commit.**—Any two or more persons, conspiring together to commit a misdemeanor, shall each, on conviction, be fined not more than five hundred dollars, and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than three months.

**Cross references.**—See note to § 99 of this title. As to form of indictment, see Tit. 15, § 259, No. 41.

**Agreement to commit adultery or fornication.**—The consent of a man and a woman to commit adultery or fornication is not a conspiracy to commit a misdemeanor, and is not indictable. Miles v. State, 58 Ala. 390.

**Applied** in Marler v. State, 67 Ala. 55, 66, 42 Am. Rep. 95; Scott v. State, 30 Ala. 503; Johnson v. State, 29 Ala. 62, 65 Am. Dec. 383; Ex parte Bonner, 100 Ala. 114, 14 So. 648; Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am. St. Rep. 91; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96; Elmore v. State, 110 Ala. 63, 20 So. 323; Jolly v. State, 94 Ala. 19, 10 So. 606.

§ 102. (3573) (6472) (4430) **Conspiracy formed in this state to commit crime elsewhere indictable here.**—A conspiracy formed in this state to do an act beyond the state, which, if done in this state, would be a criminal offense, is indictable and punishable in this state in all respects as if such conspiracy had been to do such act in this state.

The common-law offense of conspiring to commit a felony, malum in se, in a sister state, is indictable and punishable in this state. Thompson v. State, 106 Ala. 67, 17 So. 512.

§ 103. (3574) **Conspiracy defined and punished.**—Whenever two or more persons shall conspire:

To commit a crime; or

falsely and maliciously to procure another to be arrested or proceeded against for a crime; or

falsely to institute or maintain any action or proceeding; or

to cheat or defraud another out of any property by unlawful or fraudulent means; or

to prevent another from exercising any lawful trade or calling, or from doing any other lawful act, by force, threats, or intimidation, or by interfering or threatening to interfere with any tools, implements or property belonging to or used by another, or with the use or employment thereof; or

to commit any act injurious to the public health, public morals, trade or commerce, or for the perversion or corruption of public justice or the due administration of the law; or,

to accomplish any criminal or unlawful purpose, or to accomplish a purpose, not in itself criminal or unlawful by criminal or unlawful means;

every person so conspiring shall be guilty of a misdemeanor and punished as provided in section 101 of this title.

Sections 99 and 100 of this title fix the punishment for criminal conspiracies to commit felonies and § 102 fixes the punishment for conspiracies to commit misdemeanors. Smith v. State, 8 Ala. App. 187, 62 So. 575, 577.

§ 104. (3575) **Overt act not necessary.**—In any proceeding for a violation of section 103 of this title, it shall not be necessary to prove that any overt act was done in pursuance of such unlawful conspiracy or combination.

Criminal conspiracy is complete when the corrupt agreement is entered into, though no act is done in pursuance of it. Smith v. State, 8 Ala. App. 187, 62 So. 575; Thompson v. State, 106 Ala. 67, 17 So. 512, 516. See also, notes to § 99 of this title.

77