# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| WEST ALABAMA WOMEN'S CENTER, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-451-MHT ) |
| STEVE MARSHALL, in his official capacity as Alabama Attorney General, | ) ) ) |
| *Defendant*. | ) ) |

## MOTION TO CONSOLIDATE

Defendant Steve Marshall, sued in his official capacity as Alabama Attorney General, respectfully moves under Federal Rule of Civil Procedure 42 to consolidate this case with *Yellowhammer Fund v. Marshall*, 2:23-cv-450-KFP (M.D. Ala filed Aug. 31 2023). Plaintiff's counsel, without waiving any rights, take no position on this Motion. Defendant is filing a substantially similar motion in *Yellowhammer Fund*.

Under Federal Rule of Civil Procedure 42, a district court may consolidate multiple actions if they "involve a common question of law or fact." FED. R. CIV. P. 42(a)(2). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776

1

F.2d 1492, 1495 (11th Cir. 1985) (internal quotation and citation omitted). The Eleventh Circuit has urged district courts "to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

Consolidation is warranted here. Both cases concern abortion restrictions in Alabama in a post-*Dobbs* world, namely, potential criminal liability of those who assist women in obtaining out-of-state abortions and statements that Defendant Marshall allegedly made as to that potential effect. Indeed, Plaintiffs rely on many materially similar allegations in both cases, and Defendant Marshall is the sole defendant in both. *Compare* doc. 1, *with Yellowhammer Fund* (ECF no. 1). Also, both cases also involve claims concerning the First Amendment and the right to travel. *Id.* Though there are some distinctions as to other claims, consolidation is appropriate because "there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." *Eghnayem*, 873 F.3d at 1314 (11th Cir. 2017) (quoting *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016)).

The general practice of this Court is to consolidate cases before the judge who had the earliest filed case. *See, e.g.*, *Walker v. Marshall*, No. 2:22CV167-ECM, 2022 WL 1510897 (M.D. Ala. April 15, 2022). However, Defendant Marshall takes no

position on which case should be consolidated with the other. The important thing is that the cases be heard together to avoid duplication given the common questions of law and fact. Defendant Marshall thus respectfully requests that this Court consolidate the two cases so they may be heard before one judge.

                Respectfully submitted,

                Steve Marshall
                *Attorney General*

                James W. Davis (ASB-4063-I58J)
                *Deputy Attorney General*

                /s/ Benjamin M. Seiss
                Benjamin M. Seiss (ASB-2110-O00W)
                *Assistant Attorney General*

                Office of the Attorney General
                501 Washington Avenue
                Montgomery, Alabama 36130-0152
                Telephone: (334) 242-7300
                Fax: (334) 353-8400
                Ben.Seiss@AlabamaAG.gov

                **Counsel for Defendant**

## CERTIFICATE OF SERVICE

 I hereby certify that on August 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Benjamin M. Seiss
*Counsel for Defendant*
